IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 10-cv-00882-CBS-MJW

CESAR ESCOBAR,
    Plaintiff,
v.

THE GALLEGOS CORPORATION,
    Defendant.
_____

ORDER
_____

This civil action comes before the court on Plaintiff Mr. Escobar's "Motion for Leave to File Jury Demand" (filed December 2, 2010) (doc. # 50). On August 25, 2010, the above-captioned case was referred to the Magistrate Judge to handle all dispositive matters including trial and entry of a final judgment in accordance with 28 U.S.C. 636(c), Fed. R. Civ. P. 73, and D.C. COLO. LCivR 72.2. (*See* doc. # 22). The court has reviewed the Motion, Defendant's Response in Opposition (filed December 23, 2010 (doc. # 51), the entire case file, and the applicable law and is sufficiently advised in the premises.

Fed. R. Civ. P. 38(b) provides in pertinent part:

On any issue triable of right by a jury, a party may demand a jury trial by:

 (1) serving the other parties with a written demand – which may be
included in a pleading – no later than 14 days after the last pleading
directed to the issue is served, . . .

"The 'last pleading directed to such issue' will generally be an answer or reply . . . and is determined on a claim by claim basis." *In re Kaiser Steel Corp.*, 911 F.2d 380, 388

(10th Cir. 1990) (citations omitted).  Commencing this action in his *pro se* capacity, Mr. Escobar did not timely demand a jury trial under Rule 38.  Defendant filed its Answer to Mr. Escobar's "Title VII Complaint" ("Complaint") on July 2, 2010.  (*See* doc. # 11).  The court approved the Amended Scheduling Order on November 2, 2010.  (*See* doc. # 44).  Now, with the aid of counsel, Mr. Escobar makes his demand for a jury trial five months after Defendant filed its Answer.

Under Rule 38(d), the failure of a party to serve and file a jury demand within the time required constitutes a waiver by the party of a jury trial.  Nevertheless, Fed. R. Civ. P. 39(b) gives the trial court discretion, upon motion, to "order a jury trial on any issue for which a jury might have been demanded," even when one was not properly demanded under Rule 38.  *See Malbon v. Pennsylvania Millers Mut. Ins. Co.*, 636 F.2d 936, 940 (4th Cir. 1980) (resolution of a Rule 39(b) motion is "committed to the discretion of the trial court.").

Mr. Escobar argues that his untimely demand for a jury trial should be excused because he filed his complaint *pro se* and was unaware of the requirements of Rule 38(b).  The fact that Mr. Escobar commenced this civil action in his *pro se* capacity does not entitle him to special consideration under Rule 38.  *See Washington v. New York City Bd. of Estimate*, 709 F.2d 792, 798 (2d Cir. 1983) ("rule of waiver has been applied to pro se litigants");  *Scharnhorst v. Independent Sch. Dist. # 710*, 686 F.2d 637, 641 (8th Cir. 1982) (pro se plaintiff made no demand for a jury trial in complaint and thus waived right to jury trial);  *McCray v. Burrell*, 516 F.2d 357, 371 (4th Cir. 1975) (pro se litigant waived right to jury trial under Rule 38(d) when he made no demand for jury trial in complaint and made untimely oral request).  *But see Lewis v. Thigpen*, 767 F.2d 252,

257-59 (5th Cir. 1985) (pro se litigant's claim of ignorance of the rules, if credible, sufficient for trial court to grant jury trial pursuant to motion made under Rule 39(b) which should be favorably received). A "good faith mistake as to the deadline for demanding a jury trial establishes no more than inadvertence, which is not a sufficient basis to grant relief from an untimely jury demand." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

The Tenth Circuit Court of Appeals has consistently held that district courts should exercise their discretion to grant motions for jury trials under Rule 39(b) absent strong and compelling reasons to the contrary. *See Green Construction Co. v. Kansas Power & Light Co.*, 1 F.3d 1005, 1011 (10th Cir. 1993) ("a jury trial should be granted in the absence of strong and compelling reasons to the contrary") (internal quotation marks and citation omitted); *Nissan Motor Corp. in USA v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992) ("absent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial") (citation omitted). *See also Members v. Paige*, 140 F.3d 699, 704 (7th Cir. 1998) ("[A]pplications under Rule 39(b) should be entertained with an open mind, just as district judges entertain motions to amend the complaint after the power to do so as of right has expired. Lack of legal assistance may supply (or be) a good reason for a favorable exercise of discretion under Rule 39(b).").

The Fourth Circuit has provided a four-factor test for courts to consider "when exercising the discretion conferred by Rule 39(b): (1) whether the issues are more appropriate for determination by a jury or a judge (*i.e.*, factual versus legal, legal versus equitable, simple versus complex); (2) whether permitting a jury trial would prejudice the

opposing party; (3) when the motion was made (early or late in the proceedings); and (4) whether granting a jury trial would affect adversely the court's docket and the orderly administration of justice." *Vannoy v. Cooper*, 872 F. Supp. 1485, 1486-87 (E.D. Va. 1995) (citing *Malbon*, 636 F.2d at 940). Some courts have identified a fifth factor: the reason for the movant's tardiness in requesting a jury trial. *See U.S. S.E.C. v. Infinity Group Co.*, 212 F.3d 180, 195-96 (3rd Cir. 2000) (citation omitted).

The court finds no showing of any strong or compelling reasons militating against the exercise of discretion under Rule 39(b) to order a jury trial. The right to a jury trial is provided under Mr. Escobar's employment discrimination claim. (*See* Amended Scheduling Order (doc. # 44) at p. 1-2 of 8). *See* 42 U.S.C. § 1981a(c). The parties have ample time to prepare for a jury trial, the issues are within the competence of a jury to understand, and there is no indication that the costs of trial or length of trial will be impacted materially by trial to a jury rather than to the court. Defendant has not established strong and compelling reasons to reject Mr. Escobar's belated demand for a jury trial.

Accordingly, IT IS ORDERED that Mr. Escobar's "Motion for Leave to File Jury Demand" (filed December 2, 2010) (doc. # 50) is GRANTED. Mr. Escobar's jury demand shall be noted in the court's records.

DATED at Denver, Colorado, this 28th day of December, 2010.

BY THE COURT:

  s/Craig B. Shaffer
United States Magistrate Judge